NICHOLAS W. BROWN
*Attorney General*

TERA M. HEINTZ, WSBA 54921
*Deputy Solicitor General*
PO Box 40100
Olympia, WA 98504
360-753-6200
Tera.Heintz@atg.wa.gov

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | NO. 2:26-cv-00232-SAB<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT |

Under Fed. R. Civ. P. 8(b), Defendants State of Washington, Bob Ferguson, Governor of Washington, Nicholas W. Brown, Attorney General of Washington, Julie Meredith, Secretary of Transportation, and Marcus Glasper, Director, Department of Licensing (Defendants), by and through their attorneys, Tera M. Heintz, Emma Grunberg, and Kelly A. Paradis, Deputy Solicitors General, hereby answer the United States's Supplemental Complaint (Complaint). Except as herein expressly admitted or qualified, Defendants deny

each and every allegation, statement, or charge contained in the Complaint, and deny that the United States is entitled to any of the relief requested. Defendants will deny any allegation if it is unclear whether Plaintiff is asserting a factual or legal claim. To the extent the section headings in the Supplemental Complaint constitute or include allegations to which a response is required, Defendants deny all such allegations. Defendants reserve the right to amend this pleading as permitted by this Court's rules and orders, including Fed. R. Civ. P. 15.

## INTRODUCTION

1. Defendant Glasper admits that Washington's Department of Licensing (DOL) has issued confidential and undercover license plates to federal law enforcement agencies and that Washington law authorizes DOL to issue such plates. Defendants lack sufficient information to admit or deny the remaining allegations in this Paragraph.

2. Defendant Glasper admits that in January 2026, Washington's Department of Licensing informed Homeland Security Investigations (HSI) that it had temporarily suspended the issuance or renewal of confidential and undercover license plates to Department of Homeland Security (DHS)-affiliated entities, in order to conduct a review to determine if DHS activities conform with Washington law. Defendant Glasper denies that the Department of Licensing informed HSI that the Department was not suspending issuance or renewal of confidential and undercover license plates for state or local agencies. Defendants deny that Washington has attempted to obstruct the federal government's



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

immigration enforcement efforts or that it has been a "worst offender" in doing so. Defendants lack sufficient information to admit or deny the remaining allegations in this Paragraph.

3. Defendants admit that Washington's Department of Licensing promulgated an emergency regulation, WSR 26-12-043, relating to confidential and undercover plates. Defendants deny that the emergency regulation "doubled down" on, or codifies, a decision to halt the issuance of confidential and undercover license plates to DHS-affiliated entities. The remaining allegations in Paragraph 3 reflect legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

4. Defendants lack sufficient information to admit or deny that the redacted information in Exhibit C to the Complaint is confidential and therefore deny this allegation. Defendant Glasper admits that DOL issued a letter to HSI on June 18, 2026; that letter speaks for itself. The remaining Defendants lack sufficient information to admit or deny the remaining factual allegations in this Paragraph.

5. Defendants lack sufficient information to admit or deny that the redacted information in Exhibit D to the Complaint is confidential and therefore deny this allegation. Defendant Glasper admits that DOL issued a letter to U.S. Customs and Border Protection (CBP) on June 18, 2026; that letter speaks for itself. The remaining Defendants lack sufficient information to admit or deny the remaining factual allegations in this Paragraph.



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

6. Defendants lack sufficient information to admit or deny that the redacted information in Exhibit E to the Complaint is confidential and therefore deny this allegation. Defendant Glasper admits that DOL issued a letter to U.S. Border Patrol (USBP) on June 18, 2026; that letter speaks for itself. The remaining Defendants lack sufficient information to admit or deny the remaining factual allegations in this Paragraph.

7. Defendants lack sufficient information to admit or deny that the redacted information in Exhibit F to the Complaint is confidential and therefore deny this allegation. Defendant Glasper admits that DOL issued a letter to U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) on June 18, 2026; that letter speaks for itself. The remaining Defendants lack sufficient information to admit or deny the remaining factual allegations in this Paragraph.

8. Denied.

## JURISDICTION AND VENUE

9. This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. The cited statutes, 28 U.S.C. §§ 1331 and 1345, speak for themselves.

10. This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. The cited statute, 28 U.S.C. § 1391(b)(1), speaks for itself.



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

11. This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. The cited statutes, 28 U.S.C. §§ 1651, 2201, and 2202, speak for themselves. To the extent a further response is required, denied.

**PARTIES**

12. Admitted.

13. Defendants admit that Washington is a state of the United States. The remaining allegations in the Paragraph assert legal conclusions, to which no response is required.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

**LEGAL AND FACTUAL ALLEGATIONS**

18. This Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that this Paragraph purports to quote a portion of the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, and *United States v. Washington*, 596 U.S. 832 (2022), both of which speak for themselves.

19. This Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that this



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Paragraph purports to quote a portion of the Constitution, U.S. Const. art. II, § 3, which speaks for itself.

20. This Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that Paragraph purports to quote a portion of *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197 (2020), and *Tennessee v. Davis*, 100 U.S. 257 (1879), which speak for themselves.

21. This Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that this Paragraph purports to quote a portion of *Tennessee v. Davis*, 100 U.S. 257 (1879), which speaks for itself.

22. This Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that this Paragraph purports to quote a portion of U.S. Const. art. I, § 8, cl. 4 and *Arizona v. United States*, 567 U.S. 387 (2012), which speak for themselves.

23. This Paragraph asserts legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny. The cited statutes, 8 U.S.C. §§ 1182, 1225-29a, and 1231, and 8 U.S.C. §§ 1324 and 1232, speak for themselves.

24. Denied.



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

25. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph and therefore deny.

26. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

27. Defendant Glasper admits that he oversees the Department of Licensing. The remaining allegations in this paragraph are denied.

28. This Paragraph asserts legal conclusions to which no response is required. The cited statutes and regulations, Wash. Rev. Code §§ 46.08.065 through 46.08.068 and Wash. Admin. Code. §§ 308-96A-080 through 308-96A-095, speak for themselves.

29. This Paragraph asserts legal conclusions to which no response is required. The cited statute, Wash. Rev. Code § 46.08.065, speaks for itself.

30. This Paragraph asserts legal conclusions to which no response is required. The cited statute, Wash. Rev. Code § 46.08.066, speaks for itself.

31. This Paragraph asserts legal conclusions to which no response is required. The cited statute, Wash. Rev. Code § 48.08.065(3), speaks for itself.

32. This Paragraph asserts legal conclusions to which no response is required. The cited statute, Wash. Rev. Code § 48.08.066(1)(a)-(d), speaks for itself.

33. This Paragraph asserts legal conclusions to which no response is required. The cited statute, Wash. Rev. Code § 46.08.066(2), speaks for itself.



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

34. This Paragraph asserts legal conclusions to which no response is required. The cited regulation, Wash. Admin. Code § 308-96A-080(2), speaks for itself.

35. This Paragraph asserts legal conclusions to which no response is required. The cited regulation, Wash. Admin. Code § 308-96A-080(3), speaks for itself.

36. This Paragraph asserts legal conclusions to which no response is required. The cited regulation, Wash. Admin. Code § 308-96A-080(4)(a), speaks for itself.

37. This Paragraph asserts legal conclusions to which no response is required. The cited regulation, Wash. Admin. Code § 308-96A-080(4)(b), speaks for itself.

38. Defendant Glasper admits that in or around October 2025, Washington's Department of Licensing temporarily suspended the issuance or renewal of confidential and undercover license plates to DHS-affiliated entities in order to conduct a review to determine if DHS activities conform with Washington law, and denies the remaining allegations in this Paragraph. The other Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

39. Defendant Glasper admits that in January 2026, Washington's Department of Licensing informed HSI that it had temporarily suspended the issuance or renewal of confidential and undercover license plates to DHS-



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

affiliated entities to conduct a review to determine if DHS activities conform with Washington law. The other Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

40. Defendant Brown admits only that this Paragraph has quoted a portion of a letter sent to the Department of Justice on May 22, 2026. The remaining allegations in this Paragraph assert argument, to which no response is required. The other Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph.

41. Defendants admit that the State temporarily suspended the issuance or renewal of confidential and undercover plates for DHS-affiliated entities to determine if DHS activities conform with state laws and rules governing the confidential and undercover plates program, as well as with Wash. Rev. Code § 43.17.425. Defendants admit that this Paragraph quotes a portion of Wash. Rev. Code § 43.17.425, which speaks for itself. Defendants deny any remaining allegations in this Paragraph.

42. Defendants admit that on May 28, 2026, Washington's Department of Licensing promulgated an emergency regulation, WSR 26-12-043, relating to confidential and undercover plates. Defendants deny that the emergency regulation codifies a decision to halt the issuance of confidential and undercover license plates to DHS-affiliated entities. The cited rule, WSR 26-12-043, speaks for itself.



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

43. Admitted as to Defendant Glasper. The other Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

44. Defendants admit that the emergency rule amended two sections of the Washington Administrative Code, adding Wash. Admin. Code § 308-96A-080(6)(c), and amending Wash. Admin. Code § 308-96A-095(1)(a), which speak for themselves.

45. Defendants admit only that this Paragraph purports to quote a portion of Wash. Admin. Code § 308-96A-080(6)(c), which speaks for itself.

46. Defendants admit only that this Paragraph purports to quote a portion of Wash. Admin. Code § 308-96A-095(1)(a), which speaks for itself.

47. Admitted as to Defendant Glasper. The other Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph.

48. Admitted as to Defendant Glasper. The other Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph.

49. Denied.

50. This Paragraph asserts legal conclusions to which no response is required. The cited regulation, Wash. Admin. Code § 308-96A-096(1)(a)-(d), speaks for itself.

51. Denied.

52. Defendants admit only that this Paragraph purports to quote *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2024), which speaks for itself. The other cited authorities, *Arizona v. Yellen*, 34 F.4th 841 (9th Cir 2022) and *Vt.*



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000), speak for themselves. This Paragraph otherwise asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.

53. This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.

54. Denied.

55. Denied.

56. Denied.

57. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

58. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

59. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

60. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

61. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

62. Denied.



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

63. Defendant Glasper admits that Washington's Department of Licensing is the custodian of ownership information for undercover license plates and that only authorized individuals may access such records. The other Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph.

64. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

65. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

66. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

67. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

68. Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

74. This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.

75. This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required. To the extent a response is required, denied.

76. This Paragraph asserts legal conclusions and questions of law to be determined by the Court, to which no response is required.

77. Defendant Glasper denies that Washington's DOL is requiring DHS components to turn over existing confidential plates and denies the remaining allegations. The remaining Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

## CLAIMS FOR RELIEF

### COUNT I

78. Defendants incorporate their responses to the allegations of the preceding Paragraphs in the Complaint.

79. Denied.

80. Denied.

81. Denied.

82. Defendant Glasper admits that Washington's Department of Licensing has cancelled 203 HSI license plates, 157 CBP license plates, 149 USBP license plates, and 94 ICE ERO license plates. Defendants lack sufficient



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

information to admit or deny the factual allegations in this Paragraph, and therefore deny.

83. Defendant Glasper admits that he is not currently aware of any state or local law enforcement agency acting under a policy that has been found by a court to be illegal or unconstitutional under state or federal law and that has not taken immediate corrective action to reform such policy, and that Washington's DOL continues to provide confidential and undercover plates to federal, state, and local agencies. The remainder of this Paragraph asserts legal conclusions to which no response is required. The cited statute, Wash. Rev. Code § 46.08.066(2), and regulation, Wash. Admin. Code § 308-96A-080(3), speak for themselves. The remaining Defendants lack sufficient information to admit or deny the allegations in this Paragraph, and therefore deny.

84. Denied.

**COUNT II**

85. Defendants incorporate their responses to the allegations of the preceding Paragraphs in the Complaint.

86. Denied.

87. Defendant Glasper admits that before October 2025, Washington's Department of Licensing provided undercover and confidential plates to federal, state, and local agencies that qualified for and applied for such plates. Defendant Glasper admits that Washington's Department of Licensing continues to provide



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

undercover and confidential plates to qualifying federal, state, and local agencies. Defendants deny the remaining allegations in this Paragraph.

88. Defendant Glasper admits that Washington's Department of Licensing has cancelled 203 HSI license plates, 157 CBP license plates, 149 USBP license plates, and 94 ICE ERO license plates, and denies the remaining allegations. The remaining Defendants lack sufficient information to admit or deny the factual allegations in this Paragraph, and therefore deny.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

This section of the Complaint asserts Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendants deny Plaintiff is entitled to the relief sought, and deny Plaintiff is entitled to a declaratory judgment, injunctive relief, any costs and fees, or any other relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the Complaint and base these affirmative defenses upon their current knowledge and information. Defendants assert these affirmative defenses based on information presently available and in order to avoid waiver. Defendants reserve the right to withdraw any of these affirmative defenses or to supplement these defenses. By asserting

the following affirmative defenses, Defendants do not admit that they bear the burden of proof or persuasion as to any issue on which the law places the burden on the Plaintiff.

1. Plaintiff fails to state a claim upon which relief can be granted;

2. Plaintiff lacks standing;

3. Plaintiff's claims are not ripe; and

4. Plaintiff's claims are barred, in whole or in part, by the Tenth Amendment to the U.S. Constitution and the anticommandeering doctrine.

**DEFENDANTS' REQUEST FOR RELIEF**

Defendants request that the Court:

1. Dismiss the Complaint with prejudice;

2. Deny all relief that Plaintiff requests;

3. Grant Defendants the costs and disbursements of this action, together with attorneys' fees, to the extent permitted by law; and

4. Grant such additional relief as the Court may deem just and proper.

DATED this 14th day of August, 2026.

NICHOLAS W. BROWN
*Attorney General*

*s/Tera M. Heintz*
TERA M. HEINTZ, WSBA 54921
KELLY A. PARADIS, WSBA 47175
EMMA GRUNBERG, WSBA 54659
*Deputy Solicitors General*
1125 Washington Street SE
PO Box 40100

Olympia, WA 98504-0100
(360) 753-6200
Tera.Heintz@atg.wa.gov
Kelly.Paradis@atg.wa.gov
Emma.Grunberg@atg.wa.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 14th day of August 2026, at Olympia, Washington.

*s/ Leena Vanderwood*
LEENA VANDERWOOD
*Paralegal*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 570-3411
Leena.Vanderwood@atg.wa.gov