NICHOLAS W. BROWN
*Attorney General*

TERA M. HEINTZ, WSBA 54921
*Deputy Solicitor General*
PO Box 40100
Olympia, WA 98504
360-753-6200
Tera.Heintz@atg.wa.gov

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STATE OF WASHINGTON, *et al.*,<br>Defendants. | NO. 2:26-cv-00232-SAB<br><br>JOINT STATUS REPORT |

Plaintiff United States of America and Defendants State of Washington et al. held a conference under Fed. R. Civ. P. 26(f) on September 24, 2026. The parties submit this Joint Status Report outlining the parties' position with respect to each subject outlined in section B of the Court's Notice Setting Scheduling Conference (ECF No. 18).

**1. Whether service is complete and, if not, the expected date of completion.**

Service is complete.

**2. Whether jurisdiction, venue, and standing are proper.**

Jurisdiction and venue are proper. Defendants do not currently intend to challenge standing.

**3. Whether the parties consent for this matter to be tried before a magistrate judge.**

No.

**4. The nature and basis of their claims (brief summary).**

**Plaintiff:** The United States alleges that Washington's Department of Licensing has unconstitutionally suspended the issuance and renewal of hundreds of confidential and undercover license plates for Department of Homeland Security ("DHS") and its component agencies while continuing to provide such plates to state and local law enforcement. This policy endangers federal officers and obstructs federal immigration enforcement. Moreover, it discriminates against the Federal Government by denying federal immigration agencies access to an important tool that state and local agencies continue to receive and unlawfully regulates the Federal Government by forcing DHS to surrender existing confidential plates and re-register vehicles with traceable public plates, directly interfering with federal operations. Consequently, Washington's policy violates the Supremacy Clause of the United States Constitution.

**Defendants:** Defendants claim that their undercover and confidential license plate program is neutral and does not discriminate or unlawfully regulate



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

the federal government, and that Plaintiff's claims are barred by the Tenth Amendment's anticommandeering doctrine.

**5. A preferred trial date and estimated length of trial.**

The parties estimate the length of trial to be 2-3 days.

Plaintiff suggests a trial date of March 2027.

Defendants suggest a trial date starting in September 2027.

**6. Anticipated motions.**

Both parties anticipate filing motions for summary judgment.

**7. Arrangement for the disclosures required under Fed. R. Civ. P. 26(a)(1).**

Both parties served initial disclosures by email on October 8, 2026.

**8. A proposed Discovery Plan as discussed in Fed. R. Civ. P. 26(f).**

**A. Initial Disclosures.**

Both parties served initial disclosures by email on October 8, 2026.

**B. Subjects on which discovery may be needed.**

Plaintiff does not anticipate that discovery will be needed.

Defendants anticipate seeking limited discovery on the claims and allegations in Plaintiff's Supplemental Complaint, including the specifics and documentation of claimed harms resulting from DHS components not receiving confidential or undercover license plates from Washington, as well as the status



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

of recent DHS requests for confidential and undercover license plates in other states.

**C. Preserving discoverable information, including ESI.**

The parties do not anticipate any issues relating to preserving discoverable information, including electronically stored information (ESI). When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the parties agree that responsive ESI will be provided consistent with the Western District of Washington's Model Protocol for Discovery of ESI in Civil Litigation.

**D. Claims of privilege, protection of confidentiality, and proposed confidentiality agreements.**

Plaintiff reserves the right to assert law enforcement privilege, deliberative process privilege, executive privilege, attorney-client/work-product privilege, and any other privileges that may be appropriate.

Defendants do not anticipate unique privilege or confidentiality issues arising.

**E. Proposed agreements reached under Fed. R. Evid. 502.**

Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if (1) such information appears on its face to have been inadvertently produced, or (2) the producing party provides notice within 15 days of discovery by the producing party of the


ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

inadvertent production.

**F. Modification to standard discovery procedures, including bifurcation and/or consolidation of discovery, or an increase in the allowed number of depositions (10), interrogatories (25), requests for production (30), or requests for admission (15).**

Plaintiff believes discovery is not necessary and that this case can be resolved exclusively as a matter of law.

Defendants do not believe modification of the standard discovery procedures is necessary.

**G. Orders under Fed. R. Civ. P. 26(c)**

Defendants propose entry of a stipulated protective order under Fed. R. Civ. P. 26(c).

**H. Time and platform for the exchange of e-discovery.**

The parties agree that exchange of e-discovery will be acceptable via any standard file sharing method preferred by the party producing documents, i.e. SharePoint, MFT, or similar.

**9. Whether class certification is alleged.**

No.

**10. Whether the case involves a beneficial interest claim of a minor or incompetent that requires appointment of a Guardian Ad Litem.**

No.



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

**11. The appropriateness of special procedures such as consolidation of actions for discovery or pretrial, reference to a master or magistrate, to arbitration, to the Judicial Panel on Multi-district Litigation, or application of the procedures included in the Manual for Complex Litigation.**

The parties do not anticipate that special procedures are necessary.

**12. Modification of the standard procedures due to the relative simplicity or complexity of the action or proceeding.**

Plaintiff believes this is a simple matter of law and alleges that Defendants' license plate policy is a violation of the intergovernmental immunity doctrines of direct regulation and discrimination against a single federal agency. Therefore, the matter can be resolved by directly proceeding to cross-motions. Plaintiff proposes a cross motion schedule in four briefs, to be completed as promptly as possible (a proposed schedule appears in Item 16).

Defendants do not believe modification of the standard procedures is necessary, except that the parties agree that cross-motions for summary judgment can be most efficiently accomplished on a four-brief schedule (see Item 16).

**13. Feasibility of bifurcation or otherwise structuring sequence of the trial.**

The parties do not believe bifurcation is necessary.

**14. Whether there will be a point in the litigation when the parties can conduct meaningful settlement discussions or participation in another form of alternative dispute resolution.**



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

The parties have met and conferred and believe settlement and alternative dispute resolution is unlikely given the governing questions of law. The parties may revisit this at the close of discovery.

**15. Identification of issues that should be certified to the state Supreme Court.**

Plaintiff: This is purely a matter of federal law, so none is required.

Defendants: None at this time.

**16. Any other matters which may be conducive to the just, efficient, and economical determination of the action or proceeding**

As to the deadlines outlined in ECF No. 18, the parties agree that permitting cross-motions for summary judgment on a four-brief schedule would be appropriate and promote judicial efficiency.

Plaintiff proposes the following deadlines for cross-motions for summary judgment: November 20, 2026, for Plaintiff's summary judgment motion; December 23, 2026 for Defendants' cross-motion for summary judgment and response; January 29, 2027, for Plaintiff's response and reply; and February 26, 2027, for Defendants' reply.

Defendants propose the following deadlines for cross-motions for summary judgment: April 15, 2027, for the first movant's summary judgment motion; May 14, 2027, for the second movant's cross-motion for summary judgment and response; June 4, 2027; for the first movant's response and reply; and June 25, 2027, for the second movant's reply.



ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200

DATED this 22nd day of October 2026.

NICHOLAS W. BROWN
*Attorney General*

*s/Tera M Heintz*
TERA M. HEINTZ, WSBA 54921
EMMA GRUNBERG, WSBA 54659
KELLY PARADIS, WSBA 47175
*Deputy Solicitors General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Tera.Heintz@atg.wa.gov
Emma.Grunberg@atg.wa.gov
Kelly.Paradis@atg.wa.gov
*Attorneys for Defendants*

*s/Kevin A Peterson*
KEVIN A. PETERSON, NYBA 6016653
BRANDON D. NEUMAN, CABA 319067
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Enforcement & Affirmative Litigation Branch
450 Fifth Street, N.W.
Washington, D.C. 20044-0386
(202) 305-5728
Kevin.A.Peterson@usdoj.gov
Brandon.Neuman@usdoj.gov
*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 22nd day of October 2026, at Olympia, Washington.

*s/ Stephanie N. Lindey*
STEPHANIE N. LINDEY
*Paralegal*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 534-3114
Stephanie.Lindey@atg.wa.gov