FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Oct 27, 2026
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STATE OF WASHINGTON; GOVERNOR BOB FERGUSON, Governor of Washington, in his official capacity; and MARCUS GLASPER, Director, Department of Licensing, in his official capacity,<br>Defendants. | No. 2:26-CV-00232-SAB<br><br>**BENCH TRIAL SCHEDULING ORDER**<br><br>**BENCH TRIAL SCHEDULED OCTOBER 4, 2027** |

Before the Court is the parties' Joint Status Report, ECF No. 19, outlining the case and requesting a trial date. Plaintiff is represented by Brandon D. Neuman and Kevin Peterson. Defendants are represented by Emma Grunberg, Kelly A. Paradis, and Tera M. Heintz.

The Court reviewed the parties' Joint Status Report and orders the following schedule for a bench trial in this matter.

Accordingly, **IT IS ORDERED:**

**PROFESSIONALISM AND COURT-ASSISTED MEDIATION**

**1. Civility and Professional Conduct**. Counsel should review and

employ Local Rule 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness to Opposing Party and Counsel).

**2. Scheduling Order is Binding**. Rule 16(f) of the Federal Rules of Civil Procedure provides for sanctions for failure to obey the Scheduling Order. The Court will usually accept stipulations to modify the dates specified in this Order, but modifications of pretrial deadlines may also result in a modification of the trial date.

**3. Settlement Conference/Mediation.** The parties are encouraged to engage in settlement negotiations as early as possible and should contact the Court if they believe a settlement conference would be helpful. The Court will require parties to engage in mediation prior to trial, unless good cause is shown that mediation is not possible or will be unproductive. The parties shall file written verification of compliance with this pre-trial mediation requirement at least 45 days prior to the trial date.

## TRIAL DATES

**4. Bench Trial.** The bench trial shall commence on **October 4, 2027**, at **9:00 a.m.** in **Spokane**, Washington. Counsel estimates a trial length of 2-3 days.

**5. Absent good cause, the clients are expected to attend trial. If any clients are unable to attend, the parties shall notify the Court as early as possible prior to trial.**

**6. Pretrial Conference.** An in-person pretrial conference will be held on **September 16, 2027**, at **9:00 a.m.** in **Spokane**, Washington.

## DISCOVERY DEADLINES

**7. Initial Disclosures.** The parties indicate they disclosed their Fed. R. Civ. P. 26(a)(1) material on **October 8, 2026**. These initial disclosures shall not be filed with the Court.

**8. Expert Disclosures.**

A. *Initial Expert Disclosures*. Each Party shall identify its experts and serve

written reports as required by Rule 26(a)(2) on all other parties no later than **February 12, 2027**. Each Party shall also provide dates for which those experts can be available for deposition.

B. *Rebuttal Expert Disclosures*. Each Party shall identify its rebuttal experts and serve written reports as required by Rule 26(a)(2) on all other parties no later than **March 15, 2027**. Each Party shall also provide dates for which those experts can be available for deposition.

**9. Discovery.**

A. *Discovery Limitations.*

i. *Depositions.* No more than ten depositions, each limited to seven hours in one day, may be taken by the plaintiffs, defendants, or third-party defendants without leave of the Court. Fed. R. Civ. P. 30(a)(2), (d)(1).

ii. *Interrogatories.* No party may serve more than twenty-five interrogatories, including discrete subparts, on any other party, without leave of the Court. Fed. R. Civ. P. 33(a)(1).

iii. *Requests for Production.* No party may serve more than thirty requests on any other party without leave of the Court.

B. *Discovery Deadline*. All discovery shall be completed on or before **May 13, 2027**.

C. *Responses*. To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely response by the cutoff date.

D. *Necessity*. The parties shall file no discovery except as necessary to support motions or objections.

E. *Discovery Conferences*. To avoid wasted time and expense, Counsel may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes. Prior to the conference, each party may submit to the Court a one-page summary explaining the discovery dispute.

//

## MOTION DEADLINES

**10. Motions to Amend Pleadings or Add Parties**. Any motion to amend pleadings or add named parties shall be filed and served by **March 4, 2027**.

**11. *Daubert* Motion Deadline.** Challenges to the admissibility of expert opinion testimony shall be made by written motion and filed by **March 22, 2027**. If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its motions.

**12. Dispositive Motions.** All dispositive motions shall be filed and served on or before **May 21, 2027**.

**13. Motions *in Limine*.**

A. *Motions* in Limine: shall be filed and served on or before **August 19, 2027**.

B. *Responses*: shall be filed and served on or before **August 26, 2027**.

C. *Replies*: shall be filed and served on or before **September 2, 2027**.

D. *Notation*: Motions *in limine* shall be noted for hearing at the pretrial conference.

## TRIAL PREPARATION DEADLINES

**14. Exhibit and Witness Lists.**

A. *Exhibit Lists and Witness Lists*: shall be filed and served and exhibits made available for inspection (or copies provided), on or before **August 26, 2027**.

B. *Identification*: The witness list shall include identification of each witness's testimony.

C. *Notation of Exhibits*: Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial. Plaintiff's trial exhibits are to be numbered 1 through 199; Defendant's exhibits are to be numbered 200 and following.

D. *Objections*: Objections to the opposing party's witness list or exhibit list

and any accompanying briefs shall be filed and served on or before **September 2, 2027**.

E. *Responses*: Responses, if any, to objections shall be filed and served on or before **September 9, 2027**.

**15. Pretrial Exhibit Stipulation.**

A. *Stipulation*: The parties shall prepare a pretrial exhibit stipulation that shall contain each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response. All exhibits to which there is no objection shall be deemed admitted, subject to any objections at trial that could not be raised in advance.

B. *Deadline*: The pretrial exhibit stipulation shall be filed on **September 9, 2027**.

C. Objections to witness and exhibits shall be heard at the pretrial conference.

**16. Designation of Testimony.**

A. The parties shall notify the Court on or before **August 19, 2027**, whether deposition testimony will be used at trial. The Court will then schedule a hearing to review all designated testimony and objections so that a final edited version of the deposition testimony can be prepared for trial.

B. **The Court disfavors the use of deposition testimony in lieu of live testimony. The parties are encouraged to avoid the use of depositions absent good cause.**

**17. Pretrial Order.**

A. *Deadline*: A joint Pretrial Order, prepared in accordance with the format provided in Local Rule 16.1(e), shall be filed on or before **September 9, 2027**, and a copy e-mailed in Word format to the Court: BastianOrders@waed.uscourts.gov

B. *Consistency*: The list of exhibits contained in the joint Pretrial Order shall

reflect the exhibit marking scheme described above in paragraph 14(C).

C. *Duplicative Exhibits*: In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

**18. Trial Briefs and Proposed Findings of Fact and Conclusions of Law.** Trial briefs and proposed findings of fact and conclusions of law shall be filed by **September 7, 2027**.

**19. Submissions on the First Day of Trial.** The Court requires that the following be submitted to the courtroom deputy clerk on the first day of trial:

A. *Exhibits*. Exhibits for presentation at the trial in tabbed binders indexed by exhibit number with exhibit tags placed consistently on the bottom right corner of each exhibit. Counsel shall submit to the Court an original binder and two copied binders of their exhibits together with flash drives containing the same.

B. *Exhibit List*. One copy of a final joint exhibit list.

C. *Witness List*. One copy of witness lists in the order in which the witnesses are expected to be called to testify.

**MODIFICATIONS**

**20. Good Cause.** Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this schedule shall not be modified unless the Court finds good cause to grant leave for modifications.

**21. Motions to Continue Trial.** The trial date set forth in this Order is firm, and all parties and their counsel must regard the date set for trial as certain. The Court may grant a continuance only on a showing of good cause requiring the continuance, and the Court does not guarantee its availability on any new date requested by counsel.

**22. Length of Memoranda.** The parties shall follow the page limit requirements of Local Rule 7(f) for all motions and pleadings. Motions for leave to

exceed page limits are strongly disfavored and will be granted only in extraordinary circumstances.

**23.** The Scheduling Conference set for October 29, 2026, is **STRICKEN**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 27th day of October 2026.

Stan Bastian
Chief United States District Judge